WELLS ET AL., APPELLANTS, v. GILPIN, APPELLEE.

1. INSTRUCTIONS.
An instruction which in effect eliminates from the case certain relevant
    matters which the evidence tends to establish, is erroneous.
2. PRACTICE.
The weight of evidence relating to a material fact is for the jury and
    not for the court to determine.

*Appeal from the District Court of Arapahoe County.*

ACTION for attorneys' fees. Judgment for defendant. Plaintiffs appeal.

In March, 1887, Governor William Gilpin brought suit against his wife, Julia P. Gilpin, for the purpose of dissolving the marriage relation then existing between the parties. Appellants were employed to defend that suit, and although there are other items in the account here sued upon, the only charges controverted are, one of $2,500 for services in the divorce proceedings in the superior court, and a second item of $2,500 for like services in the supreme court, and upon various interlocutory applications for custody of children, counsel fees, etc.

Appellee first consulted plaintiff Wells with reference to her domestic troubles in the year 1878, and these consultations continued at intervals until the institution of the suit by her husband. About the time of the service of the summons in the action upon her, she had frequent and extended consultations with plaintiffs with reference to the preparation of her defense. These consultations extended over a period of several months. The trial in the superior court lasted for two full weeks. At this trial two of plaintiffs participated and were in constant attendance. Various motions were made at other times with reference to the custody of the children and defendant's claim for alimony and counsel fees. These motions were contested, the contests occupying fully two weeks additional time. In the superior court plaintiff prevailed.

VOL. XIX—20

Afterwards a writ of error was prosecuted in this court and the case argued orally and upon printed briefs; first, before the commission and afterwards before this court. As a result of these proceedings upon error, the judgment of the superior court was reversed and the case remanded. See *Gilpin v. Gilpin*, 12 Colo. 504. It was still pending at the time the present action for fees was tried in the district court.

After the reversal of the judgment in the divorce proceeding, plaintiffs collected certain costs in this court. The amount of these costs was credited upon their claim for $5,000 for services. Appellee, instead of paying or offering to pay for these services, denied that she was liable for same, and demanded the payment to her of the full amount of costs paid over to her attorneys by the clerk of this court.

The answer consists first, of a general denial.

Second, of a special contract to the effect that the services were rendered under an agreement by plaintiffs to receive such sums as the court should allow against her husband in payment for their services, it being distinctly understood and agreed between plaintiffs and defendant, as it is alleged, that defendant should incur no personal liability whatever, for or on account of such services, but they were to rely wholly and exclusively on such allowance.

Third, a counterclaim for that portion of the costs paid plaintiffs for defendant, remaining after deducting certain disbursements made by plaintiffs in her behalf.

The replication denies the agreement and the counterclaim.

Upon the trial in the court below, the following instruction was given to the jury, over the objection and exceptions of plaintiffs:—

4. "The court instructs you that if you find from the evidence that the plaintiffs agreed with the defendant to conduct her defense in the suit of William Gilpin against her and to look to such sum as the court should allow against William Gilpin for their compensation, and if you further find from the evidence that afterwards the defendant agreed with the plaintiffs and promised to pay them for their services in the

event that they could not obtain an allowance by the court against William Gilpin, then you are instructed that no action will lie in favor of the plaintiffs upon such agreement and promise, until the final determination of said case of William Gilpin against Julia P. Gilpin, and you are further instructed that there is no final determination of said cause so long as it is pending in any court undetermined."

The trial in the district court resulted in a verdict and judgment for defendant for the sum of $372.85.

Messrs. WELLS, McNEAL & TAYLOR, *pro se.*

Messrs. WOLCOTT & VAILE, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The services, the value of which is sued for, extended over a period of two years, and in addition to the time given to preparation, upwards of thirty days were spent by two of plaintiffs in contesting the divorce proceedings and attending to matters incident thereto, in the several courts where the case was from time to time pending. The evidence shows that ten years of the family history of the parties in its various phases was detailed before the jury sitting in the case, necessitating laborious investigation and elaborate preparation on the part of counsel.

Although we are not called upon to determine the value of the services, we deem the foregoing allusion necessary to a correct understanding of the present controversy, which grows more particularly out of the special contract pleaded. It is admitted that the services charged for were performed at the instance and request of Mrs. Gilpin. The claim of the defendant being that plaintiffs agreed to look exclusively for their fees to such awards as the court should from time to time make against Governor Gilpin for counsel fees, etc., in the divorce proceedings.

The evidence in support of such special contract comes

exclusively from Mrs. Gilpin, and while this evidence is somewhat vague and uncertain, we think there is enough in the record to warrant the submission to the jury of the defendant's claim of the existence of such a contract, and, therefore, the finding of the jury in defendant's favor upon this issue cannot be disturbed in this court, unless error intervene at the trial. We shall dismiss this evidence from consideration with the remark that, although the original brief filed by plaintiffs in error, and also the answer filed by defendant in error, each purports to give in full the evidence upon this question, an examination of the record discloses that material testimony given by Mrs. Gilpin upon the subject is entirely omitted from both.

Plaintiff Wells with whom alone the negotiations with Mrs. Gilpin were conducted, testified that at one time early in the transaction he gave it as his opinion as a lawyer that Governor Gilpin would have to pay her counsel fees, but that he afterwards told her that a wife who had sufficient means of her own was not entitled to alimony or suit money, and that her financial condition was such that it would be impossible to compel her husband to pay anything on account of fees. It appears that about the time of these conversations Mrs. Gilpin received from the estate of her deceased father property and money to the value of over thirty thousand dollars, but whether Judge Wells' legal opinion was changed by this fact we are not advised. He denies that defendant's promise to pay plaintiffs for their legal services was in any way dependent upon the success of their efforts to secure an allowance from Governor Gilpin.

It is claimed by plaintiffs that they were greatly prejudiced by the fourth instruction given, which was duly excepted to at the time. In this the jury were charged that, in the event of a finding that the plaintiffs agreed with the defendant to conduct her defense and to look to such sum only as the court should allow against William Gilpin for their compensation, and should they further find from the evidence that thereafter the defendant agreed with plaintiffs, and promised

to pay them for their services in the event that they could not obtain an allowance by the court, in such case " no action will lie in favor of the plaintiffs upon such agreement, until the final determination of said case of William Gilpin against Julia P. Gilpin."

Bearing in mind that the case of *Gilpin v. Gilpin* was then pending in one of the lower courts, the vice of this instruction is manifest. In effect it eliminates from contemplation by the jury all consideration of the new contract which the evidence tended to establish, notwithstanding the fact that competent evidence had been introduced to the effect that after a part only of the services had been rendered the defendant promised to pay plaintiffs, provided the application for counsel fees was made and refused in the superior court, and also in the supreme court. It appears that both these conditions had transpired before the institution of the present action, hence the jury should have been instructed that in the event of finding that such a conditional promise was in fact made, plaintiffs were entitled to recover. The court seems to have entirely overlooked the evidence tending to show that the subsequent promise, if made, was based upon conditions in no way dependent upon the failure to ultimately secure counsel fees. The weight of this evidence was for the jury and not for the court to determine.

For error in withdrawing from the consideration of the jury all question as to whether or not the alleged subsequent contract had been fully complied with by the plaintiffs, the judgment will be reversed.

*Reversed.*